UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE TURNER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GLENMARK PHARMACEUTICALS, INC.; EVERNORTH HEALTH, INC. & EXPRESS SCRIPTS; and KAISER PERMANENTE MEDICAL FACILITY,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv1721-JES (DEB)<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915(e); and**<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

　　On September 14, 2023, Plaintiff Terrence Turner filed the instant action and filed a concurrent motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint under 28 U.S.C. § 1915(e) and **DENIES** the motion to proceed IFP.

### I. BACKGROUND

　　Plaintiff Turner alleges to bring this lawsuit on behalf of a victim, Jaren Jones ("Jones"), who resides in San Diego. ECF No. 1 at 2. He alleges that Jones suffers from

random and reoccurring seizures, and has been taking a drug named "Zonisamide" to manage the seizures. *Id.* After a few weeks of using the drug, he alleges that Jones suffered side effects from the drug that were atypical and severe. *Id.* Upon telling medical staff about the issues, he alleges that Jones was only prescribed a higher dose of the medication and the staff did nothing else to try to resolve the issues. *Id.* He alleges that the drug is unsafe due to the severe side effects. *Id.* at 3. Based on these factual allegations, Plaintiff Turner asserts violations of various federal statutes. *Id.* at 4-5.

## II.     Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Standing to sue is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing is a "threshold question in every federal case"). Jurisdictional defects, including standing, must be raised by courts *sua sponte*. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). To show that a party has standing, he must establish that: (1) he suffered an "injury in fact;" (2) there is causal connection between the injury and the allegedly wrongful conduct; and (3) the injury would likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

Here, the entirety of Turner's complaint is centered around an injury that was not suffered by him, but rather by another individual, Jones. A party generally has no standing to sue for an injury suffered by another. *Cf. Warth*, 422 U.S. at 502 ("Petitioners must allege and show that they personally have been injured, not that injury has been

suffered by other, unidentified members . . . which they purport to represent."). Turner puts forth no other theories that might support third party standing. Thus, he fails to meet his burden under *Lujan* and has not shown that he has standing to sue for the allegations in the complaint. Accordingly, the Court dismisses the complaint without prejudice pursuant to § 1915(e).

### III.   Motion to Proceed In Forma Pauperis

Plaintiff Turner has also filed a motion to proceed *in forma pauperis* (IFP). ECF No. 2. However, the financial information therein is all based on Turner's finances and as discussed above, he does not have standing to sue based on the complaint. Thus, the Court **DENIES** the motion to proceed IFP at this time.

### IV.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915 for lack of standing and **DENIES** the motion to proceed IFP. The Clerk is directed to close the case.

Plaintiff may reopen this case by filing an amended complaint if he can cure the defects in the complaint **within 30 days of this order**. An amended complaint must be accompanied by payment of the filing fee or a renewed motion to proceed IFP. If Plaintiff fails to comply with these instructions, this case will remain dismissed and closed without further action from the Court.

**IT IS SO ORDERED.**

Dated:  September 22, 2023

Honorable James E. Simmons Jr.
United States District Judge